### WESTERN UNION TELEGRAPH COMPANY v. PERRY MACK.

Decided May 4, 1910.

**1.—Contributory Negligence—Evidence Without Pleading—Practice.**

Where, in an action against a telegraph company for negligent delay in delivering a death message, the evidence of the defendant but not its pleading raised the issue of contributory negligence on the part of the plaintiff in failing to reach the deathbed sooner, it was incumbent on the defendant to request a charge embodying its view of the law upon that issue, and not having done so, it was in no attitude to complain that the court failed to submit the same.

**2.—Telegraph Company—Death Message—Charge.**

In a suit against a telegraph company for negligent delay in delivering a death message, charge considered and held not subject to the objection that it assumed as a fact that plaintiff was prevented from reaching the deathbed sooner than he did by defendant's failure to deliver the telegram sooner.

Appeal from the Fifty-fifth Judicial District, Harris County. Tried below before Hon. W. P. Hamblen.

*Hume, Robinson & Hume (Geo. H. Fearons,* of counsel), for appellant.

*Elliott Cage,* for appellee.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by the appellee against the appellant to recover damages for its negligent failure to promptly deliver a telegram sent from Seguin, Texas, addressed to Perry Mack, No. 1104 Matthews Street, Houston, Texas, which is as follows: "Your father low. Come at once. (Signed) W. B. Ball," it being alleged that the telegram was sent at the instance of plaintiff's father, who was very sick, in order that plaintiff might be with him before he died; and that in consequence of defendant's negligent failure to promptly deliver the message plaintiff was unable to reach his father's bedside before his death, whereby plaintiff suffered great pain and mental anguish, to his damage in the sum of $1,950.

The defendant answered by a general and special exception and a general denial only.

The case was tried by a jury, and resulted in a judgment in plaintiff's favor in the sum of $400.

It is indubitably shown by the evidence that the telegram was sent from Seguin, Texas, on September 26, 1906, at the instance of plaintiff's father, Ruben Mack, who was then on his death bed, to plaintiff, properly addressed at Houston, for his benefit, and was received at defendant's office there at 8:50 p. m. on the same day, and that it was not delivered by the company to plaintiff nor was he informed of the contents until in the morning of the next day, when it was shown him at defendant's office. But there was evidence that when the telegram was received at defendant's office in Houston it was immediately handed a messenger boy to be delivered to plaintiff at the place of his address, and the messenger testified that he immediately went to plaintiff's house, knocked and kicked at the door, went to the windows, etc., but could find no one there to deliver the message to. It was admitted by the parties that the Southern Pacific Railroad was the only railroad running between Houston and Seguin, and that there were only two trains a day running between said points, one leaving Houston at 10:30 a. m., and arriving at Seguin at 4:51 p. m., the other leaving Houston at 12:10 a. m. and arriving at Seguin at 5:28 a. m. The evidence shows that Ruben Mack died about seven or eight o'clock on the morning of September the 28th, the day after plaintiff received the message informing him of his illness. The plaintiff, after seeing the telegram, took the 12:10 a. m. train for Seguin, but, on account of its being late, did not arrive there until after his father's death. The testimony of plaintiff and his wife is that he didn't have time to take the 10:30 a. m. train after he saw the message, and that the one he went to Seguin on was the first he could have taken after he was informed of its contents.

The appellant assigns as error this paragraph of the charge: "If you believe from the evidence that the telegram was transmitted from Seguin, Texas, and delivered to the Western Union Telegraph Company's office in Houston, Texas, on September 26, 1906, at 8:50 o'clock p. m.; that said telegram was sent at the request of Ruben Mack, plaintiff's father, and was properly directed to plaintiff, advising him of the dangerous illness of said Ruben Mack; and that the defendant failed to use ordinary care to deliver said telegram to plaintiff at the place where same was directed in the city of Houston promptly after its reception at the office of defendant, but that said company failed to so deliver said telegram, in consequence of which plaintiff was unable to be with his father before his death, then you are instructed that the plaintiff is entitled to recover against the defendant such damages as the evidence shows he has suffered, if any, because of the negligence on the part of the defendant."

By the first proposition advanced under this assignment it is contended that the charge is erroneous in that the evidence raised the issue of plaintiff's own negligence in failing to exercise ordinary care to reach his father after learning the contents of the telegram; and by the second, in asserting as a fact that plaintiff was unable to be with his father before his death in consequence of defendant's failure to deliver the telegram promptly after its reception at its office.

If it should be conceded that the evidence raised the issue of contributory negligence, such issue being a matter of defense and not having been pleaded, it was incumbent upon the defendant to request a special charge embodying its view of the law upon such issue, and not having done so, it is in no attitude to complain of the charge. However, the court did submit a charge upon such issue, which was not inconsistent with the one complained of under the assignment. If the defendant deemed that it did not embody its views of the law upon the subject, it containing no affirmative error, it should have to that end requested a special charge.

No such assumption as is urged by the second proposition is contained in said paragraph. This part of the charge embodies the definition of negligence—that is, the failure to use ordinary care to deliver the telegram—and tells the jury that if, in consequence of such failure, plaintiff was unable to be with his father before his death, he would be entitled to recover such damages, if any, he suffered on account of defendant's negligence.

This part of the charge, "If you believe from the evidence that the telegram referred to in this charge was sent and was delivered to plaintiff, or that he had knowledge of the contents of said telegram in time for him to have reached the bedside of his father by the usual mode of travel before his death; or if you believe that the failure of plaintiff to have been with his father in his last sickness was the negligence of the plaintiff and not the negligence of the defendant; and if you further believe that after plaintiff received said message he failed to use such diligence as an ordinarily prudent person would have used under the same circumstances to reach his father before his death, and if such failure contributed directly or proximately to his failure to see his father before his death, then you will find for the defendant," is complained of by the second assignment. We can perceive no error in it at all. It was certainly to defendant's advantage, in that it submitted a defensive issue which it had not pleaded. Viewing it from the standpoint of its application to the evidence, even had contributory negligence been pleaded, we can detect nothing wrong in it. Certainly it contains no affirmative error as against defendant. Whatever error, if any can be conjectured, it may have embodied, certainly could have been corrected by a special charge had it been requested.

The evidence was reasonably sufficient to warrant the jury in finding that defendant was guilty of the negligence complained of, and that such negligence was the proximate cause of plaintiff's damage in the amount found, and that he was guilty of no negligence contributing thereto. The judgment is therefore affirmed.

*Affirmed.*

Writ of error refused.